UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Casey Kucera and John Schneider, as co-trustees for the-next-of kin of Kathryn Marie Schneider, | Case No. 14-cv-04218 (SRN/LIB) |
| Plaintiffs, | |
| v. | ORDER FOR DISTRIBUTION OF PROCEEDS UNDER MINN. COURT RULE 144.05 |
| Brian Jespersen, in his individual and official capacity as Sheriff of Koochiching County, Andy Jespersen, acting in his individual capacity as a Koochiching County correctional officer, Dawn Piekarski, acting in her individual capacity as a Koochiching County correctional officer, John Does 1-4, acting in their individual capacities as Koochiching County correctional officers, and Koochiching County, | |
| Defendants. | |

_____

This matter came before the Court before the undersigned Judge on the Petition for Distribution of Proceeds under Minn. Court Rule 144.05 ("Petition") [Docket No. 4]. The Court having considered the Petition hereby ORDERS that:

1. The Petition is approved. The Petitioners are authorized to execute the Settlement Agreement and Release and the Qualified Assignment and Release documents.

2. Distribution of Koochiching County's insurance limits of $2,000,000.00 shall be made as follows:

a. $800,000.00 to be split evenly by Gaskins Bennett Birrell Schupp L.L.P. and Sieben Carey, Ltd. for attorneys' fees. The law firms have waived recovery of out-of-pocket costs and agreed to satisfy the Minnesota Department of Human Services claim for medical billings in the amount of $10,000.00;

b. $75,000.00 to Kathryn Marie Schneider's parents, John and Diane Schneider;

c. $75,000.00 to Kathryn Marie Schneider's sister, Tracy Podpesker;

d. $75,000.00 to Kathryn Marie Schneider's sister, Stefanie Morris;

e. $75,000.00 to Kathryn Marie Schneider's brother, Michael Schneider; and

f. $900,000.00 for the purchase of structured settlement annuities for the benefit of Ms. Schneider's son, SK.[1]

3. The structured settlement annuities will be purchased at a total cost of $900,000.00 to the Defendants' insurer, Minnesota Counties Intergovernmental Trust.

4. Minnesota Counties Intergovernmental Trust shall issue a draft in the amount of $400,705.00 to Prudential Assigned Settlement Services Corporation (PASSCorp) and deliver the same to Ringler Associates, 10503 165th Street West, Suite 200, Lakeville, MN 55044.

---

[1] Because he is a minor, Fed. R. Civ. P. 5.2(a)(3) requires the use of Ms. Schneider's son's initials instead of his full name. Similarly, dates of birth are truncated to show only the year. Fed. R. Civ. P. 5.2(a)(2).

5. Minnesota Counties Intergovernmental Trust shall issue a draft in the amount of $499,295.00 to BHG Structured Settlements, Inc. and deliver the same to Ringler Associates, 10503 165th Street West, Suite 200, Lakeville, MN 55044.

6. The periodic payments to SK will be as follows:

$499,295.00 payment to BHG Structured Settlements, Inc.by Minnesota Counties Intergovernmental Trust for the purchase of a structured settlement annuity providing future periodic payments to SK (Payee), whose date of birth is in 2012 as follows:

> $1,960.00 per month for 39 years (468 payments) guaranteed, commencing 5/7/2033 with the amount increasing at a rate of 3% compounded annually, with the last guaranteed payment on 4/7/2072;
> $100,000.00 guaranteed lump sum payment on 5/7/2037;
> $150,000.00 guaranteed lump sum payment on 5/7/2042;
> $200,000.00 guaranteed lump sum payment on 5/7/2047;
>
> The obligation to make the periodic payments described herein will be assigned under the meaning of IRC Sec. 130, to BHG Structured Settlements, Inc. (the "Assignee") and funded by an annuity contract issued by Berkshire Hathaway Life Insurance Company of Nebraska (the "Annuity Issuer").

$400,705.00 payment to Prudential Assigned Settlement Services Corporation (PASSCorp) by Minnesota Counties Intergovernmental Trust for the purchase of a structured settlement annuity providing future periodic payments to SK (Payee), whose date of birth is in 2012 as follows:

> $60,000.00 annually for four (4) years guaranteed, commencing 8/1/2030 with the last guaranteed payment on 8/1/2033;
> $250,000.00 guaranteed lump sum payment on 5/7/2052;
> $300,000.00 guaranteed lump sum payment on 5/7/2057;
> $350,000.00 guaranteed lump sum payment on 5/7/2062;
> $400,000.00 guaranteed lump sum payment on 5/7/2067; and
> $900,000.00 guaranteed lump sum payment on 5/7/2072.
>
> The obligation to make the periodic payments described herein will be assigned under the meaning of IRC Sec. 130, to Prudential Assigned Settlement Services Corporation (PASSCorp) (the "Assignee") and funded

by an annuity contract issued by The Prudential Insurance Company of America (the "Annuity Issuer").

Any payments to be made after the death of SK shall be made to Estate of SK.

7. The Court finds that Prudential Insurance Company of America is licensed to do business in Minnesota and has an A.M. Best Co. rating of A+, XV.

8. The Court finds that Berkshire Hathaway Life Insurance Company of Nebraska is licensed to do business in Minnesota and has an A.M. Best Co. rating of A++, Class XV.

9. The Court finds that Prudential Insurance Company of America and Berkshire Hathaway Life Insurance Company of Nebraska have complied with the applicable provisions of Minn. Stat. §§ 549.30 to 549.34.

10. The original annuity policies for the minor shall be deposited with the Court Administrator, without affecting ownership, and the policies shall be returned to the owner(s) of the policies when the payee reaches majority or dies, whichever occurs first.

11. The Court permits a qualified assignment within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code.

12. The Court orders that the persons receiving periodic payments are entitled to each periodic payment only when the payment becomes due.

13. The Court orders that the persons receiving periodic payments shall have no rights to the funding source and that the same persons cannot designate the

owner of the annuity nor have any right to control or designate the method of investment of the funding medium.

14. SK's structured settlement annuities shall not be sold, encumbered or assigned for the entire term of the contracts.

15. Upon filing of this Order, the Defendants and Petitioners shall execute and make binding the proposed structured settlement annuities and the Settlement Agreement and Release. Upon said execution, Defendants and Petitioners shall stipulate to the dismissal of the above action with prejudice and without further costs or attorneys' fees to any party.

   IT IS SO ORDERED.


Dated:  December 12, 2014          s/Susan Richard Nelson
                                   SUSAN RICHARD NELSON
                                   United States District Judge